UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------)
JUYUN LIN                                                        )
                                                                 )   Case No.: 1:17-CV-7582
                            Plaintiff,                           )
                                                                 )   COMPLAINT FOR A
            -against-                                            )   WRIT IN THE
                                                                 )   NATURE OF A
Thomas Cioppa, as Director, New York District                    )   MANDAMUS
L. Francis Cissna, as Director, USCIS                            )
Kirstjen M. Nielsen, Secretary, DHS                              )
                                                                 )
                                                                 )
                                                                 )
                            Defendants.                          )
-----------------------------------------------------------------)

## COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

### I.   INTRODUCTION:

This action is brought by the Plaintiff to compel the Defendants to adjudicate the I-730 Asylee Relative Petition filed by Plaintiff, on behalf of her spouse, Mr. Guo Lin. The Petition, based on Plaintiff's asylum status and marital status to Mr. Guo Lin, has been on file with the USCIS (United States Citizenship and Immigration Service) since April 13, 2012, but Defendants have refused to complete the case. The Defendants have no legitimate explanation for this delay.

### II.   PARTIES:

    A. The Plaintiff Ms. Juyun Lin is a citizen of Republic of China, and an asylee of the United States. Plaintiff and her spouse reside at 144-30 Roosevelt Avenue, Suite 505, Flushing, NY 11354. Her telephone number is: 646-725-9696.

    B. Defendant Thomas Cioppa is being sued in his official capacity as the Director of the New York District office of the United States Citizenship and Immigration Services, an agency within the Department of Homeland Security, which is charged by law with the

      duty of adjudicating I-730 applications for New York District Residents. Defendant's principle place of business is 26 Federal Plaza, Rm: 3-120, New York City, New York.

  C. Defendant L. Francis Cissna is being sued in his official capacity as the Director of the United States Citizenship and Immigration Services, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-730 petitions.

  D. Defendant Kirstjen M. Nielsen is being sued in her official capacity as the Secretary of the Department of Homeland Security. In this capacity, he has the responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103(a) including the accurate, efficient and secure processing of immigration benefits.

## III. JURISDICTION:

  A. This is a civil action brought pursuant to 28 USC secs. 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendants and those working under him to perform duties he owes to the Plaintiffs.

  B. Jurisdiction is also conferred by 5 USC sec. 704. Plaintiffs are aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC secs. 702 *et seq*.

  C. The aid of the Court is invoked under 28 USC sec. 2201 and 2202, authorizing a declaratory judgment.

  D. Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq*.

## IV. VENUE

28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the Eastern District of New York, and defendants, being sued in their official capacity, are the agencies of the United States, that does business in this district.

## V.   REMEDY SOUGHT

Plaintiffs seek to have the Court compel the District Director of the USCIS to make a decision on the I-730 Petition, which the Plaintiffs filed with the Defendants. See *Exhibit A*, the I-730 Receipt.

## VI.   FACTS OF THE CASE

A. Ms. Lin filed I-730 on April 13, 2012. On May 15th, 2012, her spouse's biometrics was taken. See *Exhibit B*, Biometric Appointment Notice. Ms. Lin and her spouse are waiting for her I-730 petition decision since April 13, 2012 and still did not get any result.

B. Ms. Lin has exhausted her administrative remedies. Ms. Lin and her attorney have made numerous inquiries concerning the status of her I-730 petition to no avail. Ms. Lin has no other adequate remedy for the harm she seeks to redress – Defendants' failure to adjudicate her petition for her husband. See *Exhibit C* – Records showing Plaintiff contracted USCIS numerous times to inquire the status of her petition.

## VII.   CAUSE OF ACTION

A. Although the Defendant has acknowledged that the case is filed and pending with his office, and although he has been requested on numerous occasions to proceed with the case and complete it, he has continuously failed and refused to do so.

B. There is no reason that Plaintiff's spouse Mr. Guo Lin is disqualified for an immigration visa.

C. Plaintiffs assert that the Defendants have no legal basis for failing to proceed with the case.

D. Plaintiffs have no administrative remedies. There are no administrative remedies provided for neglect of duty.

E. Furthermore, the District Director, by failing to adjudicate the application, is denying the Plaintiffs' right to have the denial reviewed by this court.

F. Mandamus is appropriate because there is no other remedy at law. But Plaintiff seeks to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

**VIII. PRAYER:**

Wherefore, Plaintiff pray that the Court compel the Department of Homeland Security to perform his duty to rule upon the I-730 filed by Plaintiff Ms. Juyun Lin, grant such other relief as may be proper under the circumstances, and grant attorney's fees and costs of court.

Plaintiff further pray that if the decision is adverse to them, that the decision includes justification an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices of USCIS.

DATED: January 2, 2017

                                                            Respectfully submitted,

                                                            _____
                                                            Ling Li, Esq.